**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.

WILLIAM RAMIREZ,

    Plaintiff,

vs.

TD DANS CORP.
and SERGIO DANS,

    Defendants.
_____/

## COMPLAINT

Plaintiff, WILLIAM RAMIREZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, TD DANS CORP. and SERGIO DANS (collectively, "Defendants"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, for unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"),.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant TD DANS CORP. is authorized to conduct business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant SERGIO DANS is a corporate officer of, and exercised operational control over the activities of corporate Defendant, TD DANS CORP.

5. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. Mr. Ramirez was an employee of TD from July 12, 2021, to June 11, 2022, as a watch technician.

8. Mr. Ramirez is entitled to overtime wage for hours worked over forty hours in a workweek during the entire course of his employment with TD.

9. Mr. Ramirez used to work approximately forty-one (41) hours per week.

10. However, Mr. Ramirez did not receive the lawful one-and-one-half of his regular wage rate or any compensation at all for those hours as required by the FLSA.

11. Mr. Ramirez was paid $22.50 dollars an hour.

12. As a result of this situation, Mr. Ramirez started to exercise his right to claim the time he wasn't paid for.

13. Plaintiff complained to Defendants that he was being paid incorrectly within two weeks before his termination.

14. In response to his complaints, on June 11, 2022, Defendants retaliated against Plaintiff and wrongfully discharged Plaintiff without cause.

15. In addition, Defendants did not pay him the regular wage rate for his two last weeks of work totaling 82 hours left totally unpaid.

16. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff.

17. Plaintiff worked numerous hours for which he was not properly compensated, including those hours worked in excess of forty in a given workweek.

## COUNT I
### *Wage & Hour Federal Statutory Violation against TD DANS CORP.*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

19. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

20. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

22.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3

(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation against SERGIO DANS*

25. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

26. At the times mentioned, Defendant was, and is now, a corporate officer of corporate

Defendant ITLIAN STONES INC.

27. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

28. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

29. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **COUNT III**
*FLSA Retaliation against All Defendants*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

31. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

32. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

33. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaints regarding unpaid wages.

34. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

    D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: March 1, 2023							Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000