UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20820-BLOOM/Elfenbein

**WILLIAM RAMIREZ**,

    Plaintiff,

v.

**TD DANS CORP.**, and
**SERGIO DANS**,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff William Ramirez's ("Plaintiff") Motion to Enforce Settlement Agreement (the "Motion"), ECF No. [25]. Defendants TD DANS CORP and Sergio Dans ("collectively "Defendants") filed a Response in Opposition (the "Response"), ECF No. [26]. The Honorable Beth Bloom has referred the Motion to me for a Report and Recommendation. *See generally* ECF No. [28]. Having reviewed the Motion and the Response, as well as the record and relevant law, I recommend that the Motion be **DENIED**.

**I.     BACKGROUND**

This matter stems from a lawsuit Plaintiff filed pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201- 219 ("FLSA") for claims of unpaid wages and retaliation. *See generally* ECF No. [1]. Pursuant to Judge Bloom's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge, *see* ECF No. [17] at 2, the Parties attended a mediation on November 7, 2023, *see* ECF No. [25] at 1-2; ECF No. [26] at 1. During that mediation, the Parties reached a settlement agreement concerning Plaintiff's FLSA claims. *See* ECF No. [25] at 1-2; ECF No. [26] at 1. The terms of the mediated settlement agreement

included the following: (1) "[s]ettlement [in the] amount of $10,000" which would cover "$4,000 in attorney's fees[,]" "$1,062.50 in [litigation] costs[,]" and Plaintiff's "$4,937.50" settlement award;[1] (2) the Parties would sign a mutual general release; and (3) the Parties would seek Court approval of the settlement. ECF No. [26] at 2; *see* ECF No. [25-1] at 1-2.

On November 27, 2023, counsel for Plaintiff provided a proposed written settlement agreement that memorialized the above-mentioned terms. *See* ECF No. [25] at 1; ECF No. [26] at 2. However, Defendants took issue with certain unspecified portions of the written settlement agreement on the grounds that they were inconsistent with the summary of the settlement agreement prepared by the mediator.[2] *See* ECF No. [26] at 2. Despite these perceived deficiencies, Defendants submitted the written settlement agreement to their accountant, who discovered that the social security number Plaintiff provided was incorrect. *See id.* at 2-3. When Defendants raised this issue with Plaintiff, Plaintiff responded that the number he provided was not his social security number but his passport number; Plaintiff explained that he could not provide a social security number because he did not possess one. *See id.* at 3. Due to these issues, Defendants "lost confidence in the process" and refused to execute the Parties' agreed-upon settlement agreement, which, in turn, caused Plaintiff to file the instant Motion. *See* ECF No. [25] at 2; ECF No. [26] at 3.

In the Motion, Plaintiff seeks two forms of relief. *See generally* ECF No. [25]. First, Plaintiff seeks the enforcement of the agreed-upon settlement, including "immediate payment of

---

[1] The Parties agreed that Defendant would pay the monetary settlement in two installments. *See* ECF No. [26] at 2. According to the agreement, Defendants would pay the first installment "within 30 days from date of the Court's Order approving the Settlement Agreement[,]" and the second installment "within 30 days of the first settlement payment." *Id.*

[2] There appear to have been other issues with the memorialized settlement agreement from Defendants' perspective, but the Response does not elaborate on such issues. *See* ECF No. [26] at 2.

the outstanding balance" of settlement funds. *See id.* at 2-5. Plaintiff claims that the Parties had agreed upon all essential terms of the settlement, thus making the Parties' settlement agreement enforceable. *See id.* at 2-4. Second, Plaintiff seeks a monetary award for attorney's fees and costs associated with filing the instant Motion. *See id.* at 4 (citing *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986)).

Defendants, for their part, oppose the Motion's first ground for relief, arguing that the settlement agreement the Parties reached is unenforceable because the Defendants never signed the settlement documents. *See* ECF No. [26] at 3-4 (citing *Parkland Condo. Ass'n, Inc. v. Henderson*, 350 So. 3d 484 (Fla. 2d DCA 2022)). As for the Motion's second ground for relief, Defendants do not address Plaintiff's claim for fees and costs in the Response. *See generally* ECF No. [26].

The deadline for Plaintiff to file a Reply to the Response was on June 4, 2024; however, Plaintiff did not comply with this deadline. *See* S.D. Fla. L. R. 7.1(c)(1); *see generally* ECF No. [26]. Accordingly, the Motion is ripe for review.

**II.    DISCUSSION**

District courts have the "inherent power to summarily enforce settlement agreements entered into by parties . . . ." *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (quoting *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967)).[3] "Indeed, the power to implement a settlement agreement between the parties inheres in the district court's role as supervisor of the litigation, and the exercise of that power is entrusted

---

[3] In *Bonner v. City of Prichard, Alabama*, the Eleventh Circuit stated: "We hold that the decisions of the United States Court of Appeals for the Fifth Circuit . . . , as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." 661 F. 2d 1206, 1207 (11th Cir. 1981).

to the court's sound discretion." *South Beach Suncare, Inc. v. Sea & Ski Corp.*, 1999 WL 350458, at *6 (S.D. Fla. May 17, 1999) (citations omitted). In both federal and state courts, settlements are highly favored and will be enforced whenever possible. *See, e.g.*, *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources."); *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2003) ("Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so." (citation omitted)).

In the Eleventh Circuit, federal courts rely "on state law principles in determining whether to enforce a settlement agreement." *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1253 (11th Cir. 1999). Under Florida law, "[a] party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party[.]" *Carroll v. Carroll*, 532 So. 2d 1109, 1109 (Fla. 4th DCA 1988) (quoting *Nehleber v. Anzalone*, 345 So.2d 822 (Fla. 4th DCA 1977)), *rev. den.*, 542 So. 2d 1332 (Fla. 1989). That is, the moving party must establish a meeting of the minds or mutual or reciprocal assent to a certain and definite proposition. *See Goff v. Indian Lake Estates, Inc.*, 178 So. 2d 910, 912 (Fla. 2d DCA 1965) ("Without a meeting of the minds of the parties on an essential element there can be no enforceable contract." (footnote call number omitted)).

While uncertainty as to nonessential or small items will not preclude a finding of an enforceable settlement, the agreement must be sufficiently specific and mutually agreeable as to every essential element. *See Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.*, 302 So. 2d 404 (Fla. 1974) ("Even though all the details are not definitely fixed, an agreement may be binding if the parties agree on the essential terms and seriously understand and intend the agreement to be binding on them."). And, although the execution of a settlement agreement is not

a condition precedent to a settlement agreement, incomplete agreements will not establish a sufficient meeting of the minds to create an enforceable settlement agreement. *See Boyko v. Ilardi*, 613 So. 2d 103, 104 (Fla. 3d DCA 1996) ("[T]he execution of the settlement documents was not a condition precedent to the settlement agreement, but rather a mere procedural formality which both parties to the settlement agreement were obliged to perform."); *Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. 1st DCA 1992) ("Preliminary negotiations or tentative and incomplete agreements will not establish a sufficient meeting of the minds to create an enforceable settlement agreement." (citation omitted)). Thus, the party moving to enforce a settlement must make a showing that there was a meeting of the minds that competent substantial evidence supports. *See Don L. Tullis and Assoc., Inc. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985).

For the reasons explained below, Plaintiff fails to establish that the Parties' settlement agreement is enforceable — although not for the reason Defendants argue. Here, Defendants argue that the Parties' settlement agreement is unenforceable because they did not sign it; Defendants support this assertion by citing to *Parkland Condo. Association, Incorporated v. Henderson*. *See* ECF No. [26] at 3-4.

In *Parkland*, the plaintiff (a condominium unit owner) sued the defendant (a condominium association) in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. *See* 350 So. 3d at 485. Pursuant to the trial court's order, the parties completed mediation, resulting in a settlement agreement. *See id.* However, before they could sign and finalize the settlement agreement, the parties experienced a breakdown in communications. *See id.* 485-86. The defendant then moved to enforce the settlement agreement, but the trial court denied the defendant's request. *See id.* at 486. The defendant appealed, but the Second District Court of Appeal of Florida affirmed the trial court's denial, holding that for a settlement agreement to be

enforceable under Florida Rule of Civil Procedure 1.730(b), it must "be reduced to writing and signed by the parties *and* their counsel, if any." See id. at 486 (emphasis in original; quoting Fla. R. Civ. P. 1.730(b) (2021)). Applying this holding to the facts of the instant case, Defendants claim that the settlement agreement the Parties reached is not enforceable because they did not sign it.

Defendants' attempt to apply the holding in *Parkland* to the instant case is misguided. In *Parkland*, the defendant sought to enforce a settlement agreement following a court-ordered mediation. Because a *state* court had ordered the mediation, the Florida Rules of Civil Procedure applied. See Fla. R. Civ. P. 1.010 ("[The Florida Rules of Civil Procedure] apply to all actions of a civil nature and all special statutory proceeding in the circuit courts and county courts . . . ."). Here, on the other hand, Judge Beth Bloom — a federal district court judge — ordered the Parties to participate in mediation, *see* ECF No. [17] at 2; and because the mediation in this case took place in the course of federal proceedings, the Federal Rules of Civil Procedure — not the Florida Rules of Civil Procedure — apply. See *Palm Beach Golf Center—Boca, Inc. v. John G. Sarris, D.D.S.*, 781 F.3d 1245, 1260 (11th Cir. 2015) ("The rules of procedure that apply in federal cases — even those in which the controlling substantive law is that of a state — are the Federal Rules of Civil Procedure." (quoting *Lewis v. Womack Army Med. Ctr.*, 886 F. Supp. 2d 1304, 1307 (N.D. Fla. 2012))). Put another way, while it may be true that Florida Rule of Civil Procedure 1.730(b) requires a settlement agreement to "be reduced to writing and signed by the parties and their counsel" to be enforceable, the Federal Rules of Civil Procedure apply to the instant case and impose no such requirement on settlement agreements. Fla. R. Civ. P. 1.730(b); *see* Fed. R. Civ. P. 1 ("The[ ] [Federal Rules of Civil Procedure] govern the procedure in all civil actions and proceedings in the United States district courts . . . ."). Thus, the fact that Defendants did not sign

the settlement agreement does not preclude the Court from enforcing it. *See, e.g.*, *Turner v. Rocket Mortg., LLC*, No. 22-CV-23028, 2023 WL 5162619, at *4 (S.D. Fla. Aug. 11, 2023) ("Settlements may exist and be enforced even though they are not signed by the parties or even reduced to writing." (citation and subsequent history omitted)).

Still, the Parties' settlement agreement is unenforceable because the Court never approved it. It is well known that FLSA cases "can only be settled or compromised in one of two ways: a supervised payment by the Secretary of Labor or a court-approved settlement of a private action." *Powell v. Carey Int'l, Inc.*, 558 F. Supp. 2d 1265, 1268 (S.D. Fla. 2008) (citation omitted); *see also Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding that "the district court may enter a stipulated judgment *after* scrutinizing the settlement for fairness" (emphasis added; citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8, (1946); other citation omitted)); *Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461 (M.D. Fla. 2020) ("An effective and enforceable compromise and settlement requires in every instance either supervision by the Department of Labor or court approval."). With respect to settlement agreements, this approval requirement exists to ensure that the settlement agreement "reflect[s] a reasonable compromise of disputed issues[.]" *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Indeed, the Parties' settlement agreement attached to the Motion — by its very terms — states that "Court approval of the [settlement] [a]greement is a material term of the settlement." ECF No. [25-1] at 2. In the draft settlement agreement, which Plaintiff's counsel prepared, the Parties further "agree to file a Joint Motion Requesting an Order Approving Settlement Agreement and to Dismiss Lawsuit." *Id.* Defendant likewise acknowledges that Court approval is a material term of their settlement agreement. *See* ECF No. [26] at 1-2 ("The terms of the mediated

settlement agreement are as follows . . . (2) First payment of $5,000 made payable to Gallardo Law Firm within 30 days *from the date of the Court's Order approving the Settlement Agreement*.") (emphasis added).  Thus, there is no dispute that this mediated settlement required Court approval for it to go into effect; yet, to date, no one has sought Court approval of the settlement under *Lynn's Food Stores* and no fairness findings have been made.  In short, because the Court has not approved the terms of the settlement in the first instance and because one of the material terms of the settlement is Court approval, at this point in time, no enforceable settlement agreement exists.  And without an enforceable settlement agreement, this Court cannot enter an Order "requiring immediate payment of the outstanding balance" as the Motion requests.  *See* ECF No. [25] at 5.  Because Plaintiff fails to establish the existence of an enforceable settlement agreement, he fails to establish a basis on which he can seek and receive attorney's fees and costs associated with drafting the Motion.

## III.   CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that Plaintiff William Ramirez's Motion to Enforce Settlement Agreement, **ECF No. [25]**, be **DENIED without prejudice**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

CASE NO. 23-CV-20820-BLOOM/Elfenbein

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on September 16, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record