**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-20820-BLOOM/Elfenbein**

WILLIAM RAMIREZ,

      Plaintiff,

v.

TD DANS CORP.,
SERGIO DANS,

      Defendants.

_____/

## ORDER ON MOTION TO VACATE

**THIS CAUSE** is before the Court upon Plaintiff William Ramirez' Motion to Vacate the Court's Order of Dismissal Without Prejudice ("Motion"), ECF No. [54]. Defendants filed a Response in Opposition ("Response"), ECF No. [55]. Plaintiff filed a Reply in Support ("Reply"), ECF No. [56]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.   BACKGROUND

On July 8, 2025, this Court dismissed the above-styled case without prejudice because Plaintiff consistently failed to comply with the Court's Orders, failed to appear at the scheduled mediation, and failed to appear at the Show Cause hearing on July 2, 2025. ECF No. [51]. Ten months later, Plaintiff seeks to vacate the Order of Dismissal based on excusable neglect and requests that this Court reinstate the case and the pending settlement motion. ECF No. [54] at 5. Plaintiff states that at the time of his failure to appear and to respond, Plaintiff's counsel was dealing with a sick parent, and internal changes were occurring within counsel's firm which affected office operations and case management. *Id*. ¶¶ 13-14, 24. Plaintiff argues these extraneous

circumstances constitute excusable neglect under Federal Rule of Civil Procedure 60(b)(1) and warrants relief. *Id*. ¶ 22.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) states that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for ... excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court of Appeals for the Eleventh Circuit has stated that to establish grounds for relief under Rule 60(b)(1) "a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 743 (11th Cir. 2017) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). Because "the determination of what constitutes excusable neglect is an equitable one, taking into account the totality of the circumstances surrounding the party's omission," courts also consider the four factors set out by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 743-44 (quoting *Pioneer*, 507 U.S. 380, 395 (1993)); *see also Sream, Inc. v. Ecstasy Fashion II, Inc.*, No. 18-cv-61216, 2018 WL 10374693, at *1 (S.D. Fla. Sept. 19, 2018).

## III.   DISCUSSION

Plaintiff has failed to meet his burden in establishing excusable neglect. As Defendants point out, the record reflects "repeated disregard of court-ordered proceedings and a failure to prosecute." ECF No. [55] ¶ 30. Plaintiff offers no explanation to the Court for why counsel's sick parent or firm operations prevented counsel from addressing the Court as to why Plaintiff failed to

appear at the scheduled mediation or at the July 2, 2025 Show Cause hearing. Moreover, granting the Motion would prejudice Defendants who have already incurred unnecessary attorney's fees and costs in preparing for the scheduled mediation and Show Cause hearing. As Defendants point out, "[b]eyond fees and costs, Plaintiff's conduct has caused prolonged uncertainty, disruption of Defendants' business and litigation planning, and continued inability to achieve closure in a case that Plaintiff [] repeatedly failed to prosecute." *Id.* ¶ 38. Because Plaintiff has failed to establish a good reason for his failure to comply with this Court's Orders and because the Defendants would be prejudiced, the Motion is denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [54]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 14, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3